Dear Chief Wesley:
Your request for an Attorney General's Opinion was forwarded to me for research and reply. You asked:
 Is it necessary for an officer in hot pursuit from his jurisdiction, who enters the jurisdiction of another parish to make an arrest, to book the individual in the parish in which the arrest is made prior to returning to his own jurisdiction?
In regard to an arrest pursuant to a warrant, La. C.Cr.P. art.207 (West 1994) provides in pertinent part:
 When an arrest under a warrant occurs in a parish other than that in which the alleged offense was committed, the person arrested shall be booked and imprisoned in the parish where he was arrested until he gives bail or is transferred to the parish where the offense is alleged to have been committed.
Therefore, when an arrest is made pursuant to a warrant, the individual must be booked in the parish of his arrest.
There appears to be no similar provision addressing a warrantless arrest. La. C.Cr.P. art. 213 (West 1994) states in part:
 A peace officer in close pursuit of a person to be arrested, who is making an arrest pursuant to this article may enter another jurisdiction in this state and make the arrest.
Prior to the amendment of La. C.Cr.P. art. 213 in 1972, a law enforcement officer in hot pursuit following a suspect into another parish acted as a private citizen. See A.G.O. No. 1938-40, p. 151. The amendment of La. C.Cr.P. art. 213 allows a law enforcement officer from another parish to pursue a suspect across parish lines. Because art. 213 is silent about booking procedures, one guide as to the State Legislature's intent is art. 207, which provides that the booking be done in the parish of arrest. In addition, La. C.Cr.P. art. 228(A) provides that "every peace officer making an arrest, or having an arrested person in his custody, promptly to conduct the person arrested to the nearest jail or police station and cause him to be booked." But see A.G.O. No. 81-1020 which provides that the term "promptly" in art. 228 does not in all instances require that a suspect be taken to the jail geographically closest to the place of arrest. Accordingly, it is the opinion of this office that a suspect pursued across parish lines and arrested without a warrant should generally be booked in the parish in which he is arrested.
I hope this opinion has satisfactorily answered your question. If the Attorney General's office can be of further assistance, please do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: DONALD A. ROWAN Assistant Attorney General
DAR, jr.:ckj